IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD L. BASKIN,

      Plaintiff,

v.                                 CASE NO. 1:21-cv-119-AW-GRJ

JOHN DOE,
UF LAWSCHOOL LIBRARIAN,

      Defendant.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 5, and Plaintiff's *pro se* Amended Complaint filed on August 11, 2021. ECF No. 4.

Plaintiff's motion for leave to proceed as a pauper is deficient because the financial certificate is incomplete, and he failed to submit a copy of his inmate account statement for the six-month period preceding the filing of the Complaint (January 14, 2021, to July 14, 2021). ECF No. 5 at 4. Nevertheless, for the reasons explained below, even if the Plaintiff cured that deficiency, he is a three-striker and, as such, is not entitled to proceed as a pauper as he makes no allegation of imminent physical harm.

Moreover, Plaintiff represented to this Court that he did not have any prior strikes, which is not true, so his case should be dismissed for abusing the judicial process.  Finally, the claims presented in the Amended Complaint are frivolous and must be dismissed with prejudice.  *See* ECF No 4. Accordingly, it is respectfully recommended that the Amended Complaint should be dismissed pursuant to Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e) and (g).

## BACKGROUND

Plaintiff is an inmate confined at Lake Correctional Institution in Clermont, Florida.  ECF No. 4 at 2.  In his civil rights suit brought pursuant to 42 U.S.C. § 1983, he seeks this Court's intervention in a dispute over per-page charges for copies of legal research he wishes to obtain from the University of Florida, Levin College of Law library in Gainesville, Florida. *Id*. at 5. Plaintiff names as Defendant John Doe, an unnamed prisoner research librarian. *Id*. Plaintiff argues that his civil rights were violated as a result of Defendant's seeking to charge him fifteen (15) cents per page for copies of legal research he requested. *Id.* at 5*.*

Plaintiff complains that, in February 2021, he requested copies of "Public Acts" enacting the prohibition of prostitution in Las Vegas, Nevada and the State of Florida, along with judicial proceedings and other records

relating to the prohibition regarding prostitution. *Id.* On April 8, 2021, he received a form letter from the law school library, informing him that "law library services are limited to supplying photocopies of cases and statutes for 15 cents per page, plus tax." *Id.* Plaintiff alleges that this action deprived him of his constitutional rights.

## DISCUSSION

The Amended Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e).

### I. Three-Strikes Bar

#### A. Plaintiff Is Not Entitled To Proceed In Forma Pauperis

Plaintiff is a three-striker and has made no allegation that he is in imminent danger of physical harm. Accordingly, Plaintiff is not entitled to proceed as a pauper, and his case must be dismissed. 28 U.S.C. § 1915(g). In his Amended Complaint, Plaintiff discloses that this case is the twentieth federal lawsuit he has filed in Florida this year, either in this District or in the Middle District. *See* ECF No. 4 at 10-12. According to PACER court records, Petitioner has filed thirty-three (33) cases in those districts this year.

Plaintiff fails to disclosure, however, that prior to the filing of his Amended Complaint on August 11, 2021, four of his cases were dismissed

on grounds that qualify as strikes under 28 U.S.C § 1915. *See Baskin v. Unknown Mail Collection Rep., et al*., Case No. 5:51cv373, Order of Dismissal, ECF No. 4 (M.D. Fla. Jul. 22, 2021) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on its face*); Baskin v. Guyton, et al.*, Case No. 3:21cv601, Order of Dismissal, ECF No. 12 (N.D. Fla Jul. 27, 2021) (dismissing case as malicious for Plaintiff's abuse of the judicial process); *Baskin v. Leavins, et al.*, Case No. 3:21cv698, Order of Dismissal, ECF No. 11 (N.D. Fla. Jul. 27, 2021) (dismissing case as malicious for Plaintiff's abuse of the judicial process); and *Baskin v. Hair*, Case No. 3:21cv70, Order of Dismissal, ECF No. 10 (N.D. Fla. Jul. 29, 2021) (dismissing case as malicious for Plaintiff's abuse of the judicial process).

The statute governing *in forma pauperis* proceedings provides that:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action . . . [as a pauper] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Eleventh Circuit has explained that this provision of the PLRA, commonly known as "the 'three strikes' provision," requires frequent filer

prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (quoting *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997)).  Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). *See Rivera*, 144 F.3d at 731 (dismissing case for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)")*; see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## B. Plaintiff's Claims Do Not Fall with the "Imminent Danger" Exception

Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).  To satisfy the imminent danger exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm."  *Skillern v. Jackson,* No. CV606-49, 2006 U.S. Dist. LEXIS 101016 (S.D. Ga. May 19, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004), report and recommendation adopted at 2006 U.S. Dist. LEXIS 40109 (S.D. Ga. Jun. 14, 2006). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) imminent-danger exception. *Margiotti v. Nichols*, No. CV306-113, 2006, 2006 U.S. Dist. LEXIS 28710 (N.D. Fla. Mar. 30, 2006), at *2, report and recommendation adopted at 2006 U.S. Dist. LEXIS 28704 (N.D. Fla. May 2, 2006).  Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three-strike bar. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *see also Abdul-Akbar v. McKelvie*, 239 F.3d

307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

In his Amended Complaint, Plaintiff does not allege that he is in any danger of imminent physical harm nor could he because the claim relates to his challenge to a copying charge for copies of legal research. Therefore, Plaintiff does not satisfy the requirements of the "imminent danger" exception to three-strikes bar set forth in § 1915(g). Accordingly, Plaintiff's case must be dismissed for failure to pay the filing fee.

## II. Abuse of Judicial Process: Failure to Disclose Prior Strikes

The Court must also dismiss a claim under the PLRA if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is malicious and thus an abuse of the judicial process where a petitioner lies under penalty of perjury about prior cases that count as strikes under the PLRA.  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that the dismissal of a case as a sanction properly counted as a strike under the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g) where the plaintiff had lied under penalty of perjury about the existence of a prior lawsuit he had filed,

and that even though the district court had not used the words "frivolous" or "malicious dismissal for abuse of the judicial process" that is precisely the type of strike Congress envisioned when enacting Section 1915(g)).

Plaintiff's claims are malicious and thus an abuse of the judicial process because he falsely claims, under penalty of perjury, that no prior federal case of his had been dismissed for a reason listed in § 1915(g) as a strike. ECF No. 4 at 9, 11. Plaintiff has four such cases that count as strikes.

The Complaint form clearly states that the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action of appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a clam upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." *See* Amended Complaint, ECF No. 4 at 8.

Plaintiff's *pro se* status does not relieve him of his obligation to be truthful with the Court. Providing false information to the courts is, in-and-of-itself, a valid ground for dismissing a complaint. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district

8

court was entitled to dismiss [Plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to apply the "three strike rule" and dispose of successive cases that relitigate old matters); *see Redmon v. Lake County Sheriff's Office*, 414 Fed. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* § 1983 action); *see also Hood v. Tompkins*, 197 Fed. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [Plaintiff] to then acknowledge what he should have acknowledged earlier would serve to overlook his abuse of the judicial process"); *Shelton v. Rohrs,* 406 Fed. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Sec'y, Fla. Dep't of Corr.*, 380 Fed. App'x 939, 941 (11th Cir. 2010) (holding the district court did not abuse its discretion when it sanctioned the inmate for failing to disclose the prior cases he had filed).

In the absence of any basis for excusing a plaintiff's lack of candor,

9

failure to disclose and truthfully describe previous lawsuits as required

warrants dismissal of the complaint for abuse of the judicial process. In

*Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil

rights complaint that did not disclose a previous lawsuit.  The plaintiff

argued that he "misunderstood" the form, but the Eleventh Circuit held that

the district court had the discretion to conclude that the plaintiff's

explanation did not excuse his misrepresentation because the complaint

form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ."

*Redmon*, 414 Fed. App'x at 226.[1] The Eleventh Circuit determined that

dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in
> bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.
> 1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*. at 225-26.

In addition to revealing whether a prisoner is subject to the PLRA's

---

[1] In this case, Plaintiff clearly knew that the disclosure of prior litigation was important in that he replied in the negative to such questions, notwithstanding the fact that he appears to have cobbled together a complaint that resembles the correct complaint form in some but not all ways.  See ECF No. 1 at 4-5.

"three strikes" provision, the information required on the *pro se* prisoner civil rights complaint form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Johnson v. Crawson*, No. 5:08-cv-300-RS-EMT, 2010 U.S. Dist. LEXIS 31343, at *5-6 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151-LAC-MD, 2009 U.S. Dist. LEXIS 69283, at *6 (N.D. Fla. Jul. 22, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it."), report and recommendation adopted at No. 3:09-cv-151-LAC-MD, 2009 U.S. Dist. 69291 (N.D. Fla. Aug. 6, 2009)).

The appropriate sanction for Plaintiff's abuse of the judicial process for

not providing the Court with true factual statements or responses is dismissal of Plaintiff's case without prejudice.

III.   Plaintiff's Claims Are Frivolous and Fail to State a Claim

Finally, Plaintiff's claims are frivolous because there is no arguable factual or legal basis to link the alleged violations of the United States Constitution or federal law to the fifteen-cents-per-page fee the law school library charges prisoners for copies of legal research.  In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45—46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555.

12

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp*., 898 F.2d 126, 129 (11th Cir. 1990) and *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("A case is frivolous for… section 1915(e)(2)(B)(i) when it appears the plaintiff 'has little or no chance of success.'")). A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitze v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Id.* at 324. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless" when the claims rely on factual allegations which are "clearly baseless." *Neitze,* 490 U.S. at 327. "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Id*.

As to whether a complaint "fails to state a claim upon which relief may be granted," the language of the PLRA mirrors the language of Federal Rule of Civil Procedure 12(b)(6).  The courts, therefore, apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases.  *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted).  More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam). As such, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal."  *Rehberger v. Henry Cnty., Ga*., 577 Fed App'x 937,

938 (11th Cir. 2014) (per curiam) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).  In the absence of well-pleaded facts suggesting a federal constitutional deprivation or violation of a federal right, the plaintiff cannot sustain a cause of action against the defendant.

In the Amended Complaint, Plaintiff claims that he was deprived of his civil rights by the law librarian because the law librarian advised him that he would have to pay a standard per-page copying fee for requested legal research.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id. Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile. *Curley*

*v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (internal quotations omitted).

In this case, it is patently obvious that Plaintiff cannot prevail under §1983 on the facts alleged, even construing his pleadings liberally. To state a claim for relief in an action brought under §1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).  Plaintiff has no constitutional or federal right to a waiver of the University of Florida law school's per-page copying charges.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  371 U.S. at 182.

The undersigned concludes that a second amendment of the complaint would be futile because any amendment cannot cure the deficiency regarding the lack of any factual or legal basis that would

support a federal claim against the Defendant.  *Gary v. U.S. Gov't*, 540 F.

App'x 916, 918 (11th Cir. 2013).

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion

to Proceed *In Forma Pauperis*, ECF No. 5, should be **DENIED** and

Plaintiff's Amended Complaint, ECF No. 4, should be **DISMISSED with**

**prejudice**.

**IN CHAMBERS** this 17th day of August 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.